GENERAL INDUSTRIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79069. Promulgated March 10, 1937.

*A. G. Elder, Esq.*, and *Cyril D. Hill, Esq.*, for the petitioner.
*S. B. Anderson, Esq.*, for the respondent.

OPINION.

DISNEY: This proceeding involves deficiencies in income taxes for the years 1931 and 1932 in the respective amounts of $1,468.53 and $867.55.

The facts are stipulated. In 1931 and 1932 the petitioner, a corporation, sustained losses of $22,452.50 and $14,850, respectively, in the sale to the Parsons Investment Co., a corporation, of certain bonds at the market price. The deficiencies herein resulted from the respondent's disallowance of. the losses as deductions. All stock having voting rights in the petitioner was legally or equitably owned by Reginald H. Parsons and Maude B. Parsons, husband and wife. Parsons and his wife also owned all of the stock of the Parsons Investment Co.

We have here a situation wherein a corporation controlled by a family sold stocks and bonds at market price to a corporation completely owned by the same family. There is involved no question of fraud or of resale to the vendor, nor any showing of lack of bona fides, unless it is assumed from the fact of sale (and loss claimed) between two corporations with a common family ownership or control.

The respondent has not .briefed the question herein, apparently relying upon the citations of authority set forth by the Commissioner in the statement attached to the deficiency notice. The petitioner cites, and we have considered, a large number of cases to the effect that corporate entity is to be recognized in tax matters. Among such cases are *Marjory Taylor Hardwick*, 33 B. T. A. 249, citing *Commissioner* v. *Van Vorst*, 59 Fed. (2d) 677; *Jones* v. *Helvering*, 71 Fed. (2d) 214; certiorari denied, 293 U. S. 583, and other cases; also *A. S. Eldridge*, 30 B. T. A. 1322; affd., 79 Fed. (2d) 629; and *Commissioner* v. *McCreery*, 83 Fed. (2d) 817.

We have also considered section 45 of the Revenue Act of 1932,[1] which, if applicable at all, would also apply to 1931, being the same as the 1928 Act on that subject. In connection therewith we have examined the principles discussed in *Asiatic Petroleum Co. (Delaware), Ltd.*, 31 B. T. A. 1152, and the opinion of the Circuit Court affirming same, reported in 79 Fed. (2d) 234; certiorari denied,

---

[1] SEC. 45. ALLOCATION OF INCOME AND DEDUCTIONS.

In any case of two or more trades or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income or deductions between or among such trades or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such trades or businesses.

296 U. S. 645. In that case a corporation sold to a foreign corporation, having the same ownership, certain properties at cost. The vendee immediately resold the property at a profit. The Board and the Circuit Court applied section 45 of the 1932 Act as authority for holding that the profit made was that of the first corporation, and sustained the Commissioner's determination of deficiency accordingly. Does this statute, so construed, indicate that herein the Commissioner may disallow the deduction of an alleged loss taken by a corporation in selling stocks and bonds at market price to a corporation having the same ownership or control?

After considering the principle of corporate entity, and the effect of section 45 thereon, we are forced to the conclusion that that section was not intended to permit such a violation of corporate entity; as disallowance of the deductions sought herein would entail. We can not believe that the intent of the statute goes to the extent of allowing the respondent the control over corporations with common ownership which the disallowance of deductions herein would require. Section 45 permits distribution, apportionment, or allocation of a deduction, but it nowhere permits disallowance thereof—which is the action herein taken by the Commissioner. We therefore hold that the losses in question (the amounts of which are not in dispute) were properly deducted by the petitioner in the taxable years here in question.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

SMITH and HILL dissent.